## James R. Miller, Appellant, v. C., C., C. & St. L. Ry. Co., Appellee.

1. CONTRIBUTORY NEGLIGENCE—*how question to be determined.* Whether a plaintiff has been guilty of contributory negligence which resulted in his injury, is a question of fact, where the evidence is conflicting, to be determined by the jury.

2. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction which is unsupported upon any hypothesis of evidence should not be given.

Action in case for personal injuries. Appeal from the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in the court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

CHAFEE & CHEW, for appellant.

GEORGE B. GILLESPIE, for appellee; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and W. C. KELLY, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action by appellant against appellee for the recovery of damages for personal injuries alleged to have been sustained by him through the negligence of appellee, while he was a passenger upon one of its trains, judgment was rendered upon the verdict of a jury, in favor of the defendant and in bar of the action. The negligence charged in the first count of the declaration is that after the train upon which the plaintiff was a passenger had reached the station of Shelbyville and had stopped, he went upon the platform of the coach in which he had been riding intending to alight, and that just as he had reached the platform, the defendant caused the train to be suddenly and violently moved forward, and that the plaintiff in attempting to avoid falling had his fingers caught by the closing of the door of said coach, whereby they

were cut and injured. It is further charged in the second count that the defendant negligently caused the door of the coach in question to be opened and in no wise securely fastened. Appellant testified that he received the injury for which he seeks to recover under the following circumstances: "When we reached Shelbyville the conductor and brakeman both went through the train. The brakeman called the station, opened the door, went out, and then closed it. After that the train came to a standstill, and I got up and with my grip in my right hand opened the door with my left hand and stepped out on the platform. Just as I did so the coach made a lurch forward for some cause. There was no one on the platform beside myself. There was nothing said about the train starting. I grabbed for something to keep me from falling and caught the door and it came onto these two fingers and I had to set my valise down and push the door off of them. At the time I set my valise down my fingers were between the door and the facing. I would have fallen to the floor had I not caught the door. My recollection is that I took hold of the door and swung it back and then stepped out. The door swung back on the inside of the car and I was outside of the door standing right even with it. When the car moved it threw me off my feet. I might possibly have staggered against the door. The door did not lock. My fingers were caught on the opposite side from the hinges. The train was going east and the door opened back to the north."

The main contested question in the case was whether or not appellant at the time he received the injury, was in the exercise of due care under all the surrounding circumstances. This was a question of fact exclusively for the determination of the jury, and had they been accurately advised as to the law, we would not be disposed to disturb their finding. The court instructed the jury at the request of the appellee, that although they believed from the evidence "that the plaintiff was

injured, while alighting or attempting to alight from a passenger train of the defendant company, and that the company was guilty of negligence in causing his injury, yet that fact alone would not entitle him to recover;'' and if they believed from the evidence ''that at the time he was injured he was attempting to alight from a moving train, or from a train before it had arrived at the platform, or before said train had arrived at the usual place of discharging passengers,'' it was proper for them to take into consideration such facts in connection with the other circumstances surrounding the plaintiff, at the time, in determining whether he was in the exercise of due care for his own safety; and that if they determined ''that at the time he was injured the plaintiff was not in the exercise of due care and caution for his own safety but voluntarily put himself in a place of danger or knowingly attempted to alight from the train while it was moving, or at a time when he knew it was about to be moved, and that in so doing he did not exercise under the circumstances reasonable care and caution for his own safety,'' then they should find the defendant not guilty.

The court erred in giving the foregoing instruction for the reason that it was not based upon the evidence. There was no evidence tending to show that appellant was attempting to alight from a moving train at the time he received his injury. The word ''alight'' in its ordinary acceptation means to get down from or descend. The evidence shows that appellant had when injured but arrived at the platform preparatory to alighting. We are not satisfied that the jury were not misled to the prejudice of appellant. The judgment of the Circuit Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*